**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 25-cv-24834-BLOOM/Elfenbein**

SHOIAB AHMED, MARINA HELENE
ASCHABER, CHARLIE BARD, SARAH
BARNES, KATHLEEN BERGET, HELEN
BEST-SHAW, JULIA VERA FOERSTER,
DANNY GHITIS, BENJAMIN GORGES,
MEGGAN HILL, DENNIS LITTLEY,
LAZY CAT ENTERPRISES LTD.,
MICHELLE MINNAAR, FLORIAN NOUH,
JUDY L. PURCELL, RENEE ROBLEY
SMITH, HEATHER SZUTKA, SARAH
TRENALONE, MARCO VERCH,
CANDICE WALKER, CHRISTINA CONTE
WARTINBEE, and WENDIE WILLIAMS,

      Plaintiffs,

v.

UBER TECHNOLOGIES, INC.,

      Defendant.

_____/

**ORDER ON MOTION FOR RECONSIDERATION**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Reconsideration of Order

Granting in Part Defendant's Motion to Dismiss without Leave to Amend Complaint, ECF No.

[38] ("Motion"). Defendant filed a Response in Opposition, ECF No. [45], to which Plaintiffs filed

a Reply, ECF No. [46]. For the reasons that follow, Plaintiffs' Motion is [_____].

## I.    BACKGROUND

On December 12, 2025, Defendant filed its Partial Motion to Dismiss and Strike, arguing

that Plaintiffs failed to state a claim. ECF No. [15]. After full briefing, the Court issued its Order

on Partial Motion to Dismiss and Strike, ECF No. [34] ("Order"). In the Order, the Court

determined that Count II (Vicarious Infringement), Count III (Contributory Infringement), and all

Counts to the extent they operated with respect to purported "foreign works" should be dismissed. ECF No. [34]. As to the Vicarious Infringement claim in particular, the Court found that Plaintiffs had failed to allege in any non-conclusory manner how Defendant exercised supervision or control, particularly insofar as the Complaint alleged that merchants uploaded the infringing content. *Id.* at 9–10. In addition, the Court found that Plaintiffs failed to allege Defendant's direct financial interest in the infringing activity. *Id.* at 10–11. The Court further found that Plaintiffs' request to amend was not properly before it, as it was contained in a response to a motion to dismiss; nonetheless, amendment of the Vicarious Infringement claim would be futile, as Plaintiffs could not allege Defendant's direct financial interest in the infringing activity and could at most offer an "attenuated link." *Id.* at 22–23.[1]

In May 2026, Plaintiffs filed their Motion, arguing that (1) the Order improperly resolved fact-intensive questions of supervisory control at the pleading stage, (2) the Court committed clear error in holding that amendment of the Vicarious Infringement claim would be futile based on an incomplete and legally erroneous analysis of Plaintiffs' proposed amendments, (3) the Court applied an erroneous legal standard to the "direct financial interest" element and did not consider whether amendment would be futile, and (4) leave to amend should be granted. ECF No. [38]. Defendant responds that the Court did not commit clear error on the issue of supervisory control, that the Court's futility determination was correct, and that the proposed Second Amended Complaint still fails as a matter of law. ECF No. [45]. In their Reply, Plaintiffs reiterate that the Court applied an erroneous standard to the "direct financial interest" element and its futility analysis regarding "direct financial interest" was therefore deficient. ECF No. [46]. Furthermore,

---

[1] The Court also ruled on Defendant's Contributory Negligence claim and Defendant's claims involving purported "foreign works." However, Plaintiffs do not challenge those portions of the Court's Order, so the Court does not recount its findings relevant to those issues here.

the Court's futility finding as to the supervisory control element was legally erroneous, and Defendant's procedural arguments do not foreclose reconsideration. *Id.* at 4–7. Thus, leave to amend should be granted. *Id.* at 7–8.

## II.  LEGAL STANDARD

A motion for reconsideration is "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Saint Croix Club of Naples, Inc. v. QBE Ins. Corp.*, No. 2:07-cv-00468-JLQ, 2009 WL 10670066, at *1 (M.D. Fla. June 15, 2009) (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1073 (M.D. Fla. 1993)).

> A motion for reconsideration must do two things. First, it must demonstrate some reason why the court should reconsider its prior decision. Second, it must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Courts have distilled three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice.

*Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993) (citations omitted). "Such problems rarely arise and the motion to reconsider should be equally rare." *Burger King Corp.*, 181 F. Supp. 2d at 1369.

Because court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure," a motion for reconsideration must clearly "set forth facts or law of a strongly convincing nature to demonstrate to the Court the reason to reverse its prior decision." *Am. Ass'n of People With Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339, 1340 (M.D. Fla. 2003) (citations omitted). As such, a court will not reconsider its prior ruling without a showing of "clear and obvious error where the 'interests of justice' demand correction." *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, No. 6:11-cv-1637-Orl-31, 2013 WL 425827, at *1 (M.D.

3

Fla. Feb. 4, 2013) (quoting *Am. Home Assurance Co. v. Glenn Estess & Assoc.*, 763 F.2d 1237, 1239 (11th Cir. 1985)). "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." *Taylor Woodrow Constr. Corp.*, 814 F. Supp. at 1072-73; *see also Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1247 n.2 (S.D. Ala. 2008) (noting that reconsideration motions are to be used sparingly, and stating, "imagine how a district court's workload would multiply if it w[ere] obliged to rule twice on the same arguments by the same party upon request").

A motion for reconsideration "is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008) (citation omitted). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (internal quotation marks omitted). Ultimately, reconsideration is a decision that is "left 'to the sound discretion' of the reviewing judge." *Arch Specialty Ins. Co. v. BP Inv. Partners, LLC*, No. 6:18-cv-1149-Orl-78DCI, 2020 WL 5534280, at *2 (M.D. Fla. Apr. 1, 2020) (quoting *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993)).

## III.    DISCUSSION

The Court finds that limited reconsideration is warranted. Before turning to where reconsideration *is* warranted, the Court discusses the issues raised by Plaintiffs that do *not* warrant reconsideration.

First, Plaintiffs argue that the Court erred in dismissing its vicarious infringement claim based on a failure to plead supervisory control, as this is a fact-intensive inquiry not suitable for resolution at the pleading stage. ECF No. [38] at 4. But as Defendant rightly points out, this is a misstatement of the Court's actual reasoning. ECF No. [45] at 3–4. The Court's dismissal was not based on "the scale of [Defendant's] platform and the volume of merchant-submitted content." ECF No. [38] at 4. Instead, the Court explained that its dismissal was based on Plaintiff's failure to offer any non-conclusory allegations relating to Defendant's supervisory control. ECF No. [34] at 9–10. Indeed, the Court pointed out that Plaintiff's only allegation on supervisory control was the conclusory statement that "Defendant had the right and ability to supervise the infringing activities . . ."—a plainly insufficient allegation by Rule 12(b)(6) standards. *Id.* at 9. Plaintiffs point to no error in the Court's *actual* reasoning, so reconsideration is not warranted here.

Second, Plaintiffs argue that the Court applied an erroneous legal standard to the "direct financial interest" element, wrongly applying the "main customer draw" standard. ECF No. [38] at 8. However, the Court was clear that it would not be applying the "main customer draw" standard. ECF No. [34] at 12 n.12. Instead, it would require only that Plaintiffs allege a "direct financial interest," and that is exactly what the Court did. Plaintiffs point to no part of the Court's "direct financial interest" analysis that actually applies the "main customer draw" standard. At best, Plaintiffs point to a portion of the Court's futility analysis—not its analysis of the actual Complaint—that used the phrase "meaningful 'draw.'" ECF No. [34] at 2. But referring to something as *a* draw is not tantamount to requiring that it be the "*main*" draw. These are simply different standards, and as such, the Court sees no reason to reconsider its finding that Plaintiffs failed to properly allege a direct financial interest in their Complaint.

However, Plaintiffs also argue that the Court committed clear error in holding that amendment of the vicarious infringement claim would be futile and that leave to amend should be granted. ECF No. [38] at 4–7, 10. On this point, the Court agrees. Specifically, the Court finds that it erred in its futility analysis. In its analysis, the Court found—with respect to Plaintiff's vicarious infringement claim—that Plaintiffs could not satisfy the "direct financial interest" element even in an amended complaint. ECF No. [34] at 23. The Court explained that any link Plaintiffs could plead between "photographs, sales, and financial benefit to Defendant" would be too "speculative" and "attenuated" to support a claim of direct financial benefit. This analysis was clear error, as sufficient allegations were plainly possible, and it would constitute a manifest injustice to deny Plaintiffs the opportunity to present their well-formulated vicarious infringement claim. Specifically, Plaintiffs offer a proposed amended complaint that contains ample allegations regarding both the "supervisory control" and "direct financial interest" elements. *See* ECF No. [38-1]. The Court's conclusion that reconsideration and permission to amend are warranted is especially true where all the briefing on the Motion to Dismiss took place within the period to amend pleadings, *see* ECF No. [24], and prejudice to Defendant is minimal, as the case is in its early stages.

Defendant's arguments against reconsideration and permitting amendment are unpersuasive. Defendants are correct that Plaintiffs' request for leave to amend was "procedurally deficient." ECF No. [45] at 7. While the Court would have been within its discretion to deny amendment on that ground, the Court was also guided by Supreme Court and Eleventh Circuit precedent that leave to amend should be freely given, unless amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hall v. United Ins. Co. of America*, 367 F.3d 1255, 1263 (11th Cir. 2004). And having opted to undertake a futility analysis rather than deny amendment based

on a procedural deficiency, ECF No. [34] at 23, the Court was obliged to do so correctly. For the reasons stated above, the court did not do so correctly.

Defendants also argue that the proposed amendments do not cure the supervisory control deficiency or otherwise still fail as a matter of law. ECF No. [45] at 8–9, 11–12. But the Court's futility analysis did not grapple with Plaintiffs' ability to properly plead supervisory control. ECF No. [34] at 23. The Court only found futility with respect to the "direct financial interest" prong, which was incorrect for the reasons explained above. *Id*. And it would be improper for the Court to treat briefing on this Motion as, effectively, briefing on a motion to dismiss an amended complaint that has not yet even been filed. The Court has found that it erred in finding futility of the direct financial interest prong, and that is sufficient to undermine its denial of an opportunity to amend.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.  Plaintiffs' Motion, **ECF No. [38]**, is **GRANTED IN PART AND DENIED IN PART**.

2.  Plaintiffs are directed to file their Second Amended Complaint, contained in redline format at ECF No. [38-1], by **August 10, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 4, 2026.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record